W. F. FRITH, v. STATE OF FLORIDA, ex rel., A. L. KINSAUL

28 So. (2nd) 255            June Term, 1946
December 3, 1946           Division A

*J. M. & H. P. Sapp,* for appellant.

*E. C. Boswell,* for appellee.

ADAMS, J.:

The Charter of the City of Lynn Haven, Chapter 13042, Special Acts of 1927, provides for a commission form of government. The voters elect three commissioners annually. In case of a vacancy a commissioner is elected for the unexpired term. The Charter also provides that on the first regular meeting in February each year the commission shall elect one of its members as Mayor, who is also Treasurer; one as Tax Collector, who also serves as Vice Mayor; and one as Tax Assessor.

This controversy arose when the Mayor commissioner resigned. Thereupon the other two commissioners called an election to elect a successor but, in the meantime, the two remaining commissioners appointed Commissioner Frith (who had theretofore been Tax Collector and Vice Mayor) as Mayor to serve until a successor was elected.

A. L. Kinsaul was elected for the unexpired term on the commission. Kinsaul claimed the office of Mayor by virtue of his election to fill the unexpired term of the commissioner who was Mayor. The claim was disputed by Frith whereupon quo

warranto was brought and judgment was awarded in favor of Kinsaul.

The judgment must be reversed because the Mayor is elected by the commissioners whereas a commissioner is elected by the qualified electors of the city. The law contemplates that commissioners will exercise discretion and good judgment in selecting from their number those best qualified to serve the city as Mayor, Tax Collector and Tax Assessor. When the official status of the city was disrupted by the Mayor's resignation, the remaining commissioners were required to reshuffle the offices in order that the city government might continue to function. When Kinsaul was elected the three of them had the responsibility of again selecting from their number the officials for the city.

The judgment is reversed with directions to dismiss the action.

Reversed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.